Bruce L. Simon (Bar No. 96241)
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone: (415) 433-9000
Facsimile:  (415) 433-9008
Email: bsimon@pswlaw.com

Attorneys for Plaintiffs and the Class

[Additional counsel appear on signature pages]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: WARNER MUSIC GROUP CORP. DIGITAL DOWNLOADS LITIGATION | CASE NO. CV 12-0559-RS<br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:    February 6, 2014<br>Time:   1:30 p.m.<br>Crtrm.: 3, 17th Floor<br>Judge:  Hon. Richard Seeborg |

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

# <u>TABLE OF CONTENTS</u>

<div align="right"><u>Page</u></div>

I. PRELIMINARY STATEMENT ...................................................................2

II. BACKGROUND ...........................................................................................3

    A. STATEMENT OF FACTS ..................................................................3

    B. THE EXTENSIVE AND MONTHS-LONG SETTLEMENT
       NEGOTIATIONS ................................................................................3

    C. SETTLEMENT TERMS .....................................................................4

        1. Past Relief ...............................................................................4

        2. Prospective Relief ...................................................................5

        3. Narrowly Tailored Release ......................................................7

        4. Attorneys' Fees and Costs and Enhancement Awards ..............7

        5. Comprehensive Notice Program ..............................................8

III. LEGAL ANALYSIS ....................................................................................8

    A. STANDARD FOR PRELIMINARY APPROVAL ...............................8

    B. THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED...................9

        1. The strength of plaintiff's case compared to the risk, expense,
           complexity, and likely duration of further litigation ......................9

        2. The risk of maintaining class action status throughout the trial...................10

        3. The amount offered in settlement...............................................10

        4. The extent of discovery completed and the stage of the proceedings..........11

        5. The experience and views of counsel.........................................11

    C. INDIVIDUAL NOTICE MORE THAN SATISFIES RULE 23 .............................12

    D. THE COURT SHOULD CERTIFY A SETTLEMENT CLASS FOR
       SETTLEMENT PURPOSES ...............................................................13

        1. The Requirements of Rule 23(a) Are Satisfied .........................13

           (a) Numerosity ...................................................................14

           (b) Commonality .................................................................14

<div align="left" style="writing-mode: vertical">PEARSON, SIMON & WARSHAW, LLP<br>44 MONTGOMERY STREET, SUITE 2450<br>SAN FRANCISCO, CALIFORNIA 94104</div>

(c) Typicality ........................................................................14

(d) Adequacy of Representation ...........................................15

2. The Requirements of Rule 23(b)(3) Are Satisfied .......................................15

IV. ATTORNEYS' FEES AND COSTS AND ENHANCEMENT AWARDS ........................16

V. THE COURT SHOULD SET A FINAL APPROVAL HEARING SCHEDULE...............17

VI. CONCLUSION .............................................................................................17

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

# Table of Authorities

**Page(s)**

CASES

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ................................................................................................ 12, 13

*Churchill Vill., L.L.C. v. Gen. Elec.*,
361 F.3d 566 (9th Cir. 2004) ........................................................................................ 8, 9

*Class Plaintiffs v. City of Seattle*,
955 F.2d 1268 (9th Cir. 1992) .......................................................................................... 8

*Davis v. Capitol Records, LLC, et al.*,
No. 12-cv-1602-YGR ......................................................................................................... 3

*F.B.T. Prods., LLC v. Aftermath Records*,
621 F.3d 958 (9th Cir. 2010) ............................................................................................ 3

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ......................................................................... 8, 9, 10, 15

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) .......................................................................................... 15

*In re Abbott Labs. Norvir Anti-trust Litig.*,
Case Nos. C 04-1511 CW, C 04-4203 CW, 2007 WL 1689899 (N.D. Cal. June 11,
2007) ................................................................................................................................ 14

*In re Mercury Interactive Corp. Sec. Litig.*,
618 F.3d 988 (9th Cir. 2010) .......................................................................................... 17

*In re Syncor ERISA Litig.*,
516 F.3d 1095 (9th Cir. 2008) .......................................................................................... 8

*In re Tableware Antitrust Litig.*,
484 F.Supp.2d 1078 (N.D. Cal. 2007) ............................................................................. 8

*James v. UMG Recordings, Inc., et al.*,
No. 11-cv-1613-SI ....................................................................................................... 3, 11

*Mullane v. Cen. Hanover Bank & Trust Co.*,
229 U.S. 306 (1950) ........................................................................................................ 12

*Nat'l Super Spuds, Inc. v. New York Mercantile Exchange*,
660 F.2d 9 (2d Cir. 1981) .................................................................................................. 7

*Radcliffe v. Experian Info. Solutions, Inc.*,
715 F.3d 1157 (9th Cir. 2013) ........................................................................................ 16

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993) ................................................................................ 9

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (2011) ...................................................................... 13, 14, 15

**STATUTES**

28 U.S.C. § 1715 ............................................................................................. 13

California Code of Civil Procedure § 337a ....................................................... 3

Fed. R. Civ. P. 23 ........................................................................................ 1, 2

Fed. R. Civ. P. 23(a) ........................................................................ 10, 13, 14, 15

Fed. R. Civ. P. 23(a)(1) ..................................................................................... 14

Fed. R. Civ. P. 23(a)(2) ..................................................................................... 14

Fed. R. Civ. P. 23(a)(3) ..................................................................................... 14

Fed. R. Civ. P. 23(a)(4) ..................................................................................... 15

Fed. R. Civ. P. 23(b) ................................................................................... 13, 16

Fed. R. Civ. P. 23(b)(3) .......................................................................... 10, 13, 15, 16

Fed. R. Civ. P. 23(c)(2)(B) ................................................................................. 12

Fed. R. Civ. P. 23(c)(3) ..................................................................................... 12

Fed. R. Civ. P. 23(e) ........................................................................................... 8

Fed. R. Civ. P. 23(e)(1) ..................................................................................... 12

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 6, 2014 at 1:30 p.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Richard Seeborg, United States District Court, Northern District of California, San Francisco Division, Plaintiffs Kathy Sledge Lightfoot, Ronee Blakley, and Gary Wright (collectively, "Plaintiffs") will and hereby do move the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the entry of an Order:

1.    Certifying the stipulated Class (defined below) for settlement purposes;

2.    Granting preliminary approval of the Settlement;

3.    Approving the proposed form of notice and scheduling the dissemination of notice;

4.    Scheduling a hearing for final approval of the Settlement; and

5.    Scheduling a hearing for Class Counsel's motion for an award of attorneys' fees and costs.

The grounds for this motion are that the proposed Class settlement is within the range of being finally approved as fair, adequate, and reasonable.

This motion is based upon this Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, the attached Memorandum of Points and Authorities in support thereof, the Declarations of Class Counsel, the pleading and papers on file in this action, and such oral and documentary evidence as may be presented at the hearing on this motion.

DATED: December 31, 2013          **PEARSON, SIMON & WARSHAW, LLP**


By:  */s/ Daniel L. Warshaw*
                    DANIEL L. WARSHAW
         Attorneys for Plaintiffs and the Class

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs respectfully submit this Memorandum of Law in support of their Motion for Preliminary Approval of Class Action Settlement, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

## I.   PRELIMINARY STATEMENT

Rather than needlessly expend both party and judicial resources in litigating this matter for years, the parties in this action engaged in early settlement negotiations so that if this matter could be resolved on a classwide basis, such relief could be provided in an expeditious and economical fashion.  As a result of extensive negotiations that spanned the course of over one year, which included multiple in-person mediation sessions with the Honorable Daniel Weinstein (Ret.) of Judicial Arbitration and Mediation Services (JAMS) and numerous phone conferences and in-person meetings of counsel, the parties have entered into a settlement agreement resolving this matter (hereinafter, the "Settlement").  Pursuant to the Stipulation and Agreement of Settlement entered into by the parties (the "Settlement Agreement," a copy of which is attached as Exhibit "A" to the Declaration of Daniel L. Warshaw ("Warshaw Decl.")), Defendant Warner Music Group Corp. ("WMG" or "Defendant") has agreed, among other things, to create an $11.5 million Fund[1] to pay claims for past damages to the members of the Class, to increase the royalty rates of Class Members going forward in perpetuity, and to incur the costs of direct mail notice and claims administration.

The Settlement satisfies all of the criteria for preliminary settlement approval and falls well within the range of reasonableness.  Accordingly, Plaintiffs request that the Court certify the stipulated Class for settlement purposes, grant preliminary approval of the proposed Settlement, and direct distribution to the Class of the proposed notice in the manner agreed to and set out below.  Plaintiffs also request that the Court schedule a final approval hearing and other dates pertinent to these proceedings.

_____

[1] Unless otherwise defined herein, all capitalized terms shall have the definition set forth in the Settlement Agreement.

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

## II.      BACKGROUND

### A.      STATEMENT OF FACTS

Plaintiffs in these consolidated class actions are recording artists and music producers (collectively, "Artists") who have entered into contracts with WMG that provide for the payment of royalties upon WMG's exploitation of the Artists' music.  Plaintiffs allege that WMG has systematically breached these contracts by underpaying its Artists royalties owed from WMG's dissemination of the Artists' music in the form of permanent downloads of full audio recordings and "mastertones," commonly known as ringtones for cellular phones (Downloads/Mastertones). Specifically, Plaintiffs allege that WMG has improperly treated Artists' Downloads/Mastertones as "sales" instead of "licenses," and paid Artists royalties based upon the much lower sales royalty rate than the licensing royalty rate.  *F.B.T. Prods., LLC v. Aftermath Records*, 621 F.3d 958 (9th Cir. 2010).

Through this lawsuit, Plaintiffs sought to compel WMG to account for and pay all of its Artists their share of the income WMG has received for Downloads/Mastertones under the licensing provision of Artists' contracts.  Plaintiffs asserted causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory judgment, open book account under California Code of Civil Procedure § 337a, and violation of California's and New York's unfair competition laws. Plaintiffs filed this case as a putative class action alleging that WMG's practice as described herein has been uniform with respect to all members of the Class and is alleged to have caused millions of dollars in damages to Plaintiffs and Class Members. WMG vigorously denies all of these allegations.

### B.      THE EXTENSIVE AND MONTHS-LONG SETTLEMENT NEGOTIATIONS

Plaintiffs' counsel in this case (Class Counsel) are also counsel of record in two other putative class actions pending in this District which involve the payment of royalties to recording artists for Downloads/Mastertones.  *See James v. UMG Recordings, Inc., et al.*, No. 11-cv-1613-SI (pending before the Honorable Susan Illston); *Davis v. Capitol Records, LLC, et al.*, No. 12-cv-1602-YGR (pending before the Honorable Yvonne Gonzalez Rogers).  The *James* litigation in

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1    particular has been hard-fought, with thousands of recording contracts having been produced and

2    reviewed, numerous depositions having taken place, and multiple dispositive motions having been

3    filed. Warshaw Decl., ¶ 3. As a result, Class Counsel's experience in similar litigation has

4    enabled them to be very conversant with the various legal and factual issues presented in this case

5    and to approach settlement negotiations with a wealth of relevant knowledge gained from the other

6    litigation. *Id.*

7         The parties first participated in a face-to-face meeting at defense counsel's office on

8    October 10, 2012. Warshaw Decl., ¶ 4. That meeting subsequently led to the parties retaining

9    Judge Weinstein to serve as a third party neutral and, over a period of many months, holding three

10    mediation sessions, with multiple, smaller sessions also taking place in person and on the phone.

11    *Id.* Those meetings, and many other meetings, telephone calls, and correspondence with and

12    without the presence of Judge Weinstein, ultimately resulted in the Settlement now being

13    presented to the Court. *Id.*

14       **C.      SETTLEMENT TERMS**

15         The proposed Settlement Class consists of all persons and entities (and their successors in

16    interest, assigns, and heirs) that are parties to a Class Contract, meaning a Royalty Rate Contract

17    with a WMG U.S. Label that is dated on or prior to December 31, 2001. *See* Settlement

18    Agreement, ¶¶ 2-5. The relief afforded to the Settlement Class consists of (1) past relief so as to

19    pay sums for Downloads/Mastertones that have already occurred, and (2) prospective relief, as

20    explained below.

21           **1.      Past Relief**

22         So as to compensate Class Members for Downloads/Mastertones that have already been

23    the subject of a royalty payment, WMG will make available $11,500,000 (less attorneys' fees,

24    costs, and costs of claims administration and class notice, if approved by the Court) as follows:

25       a.     Settlement Class Members who timely submit a valid claim form will receive their

26            per capita share of the Fund Payout based upon the percentage of revenue they

27            generated for a WMG U.S. Label from U.S. exploitation of Subject Masters as

28            Downloads/Mastertones between January 1, 2009 and December 31, 2012 (the

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

Period) as compared to the total U.S. sales by WMG of Subject Masters as Downloads/Mastertones for the Settlement Class for the Period. The parties have stipulated that the total U.S. sales by WMG of Subject Masters as Downloads/Mastertones for the Settlement Class for the Period is $381,510,000.

b.  All past relief owed to members of the Settlement Class will be credited by WMG U.S. Labels through WMG's royalty systems to the Class Members' royalty accounts, and will first be applied in recoupment of any unrecouped balances[2] in those royalty accounts.

c.  Any Settlement Class Members, that timely submits a valid claim form, that are Included Other Royalty Recipients will have their royalty accounts credited with prorated past relief based upon the ratio of the Included Other Royalty Recipient's current Basic U.S. Rate to the Artist's current Basic U.S. Rate.  By way of example, in a circumstance where the applicable Artist's Basic U.S. Rate is 10% and the producer's Basic U.S. Rate is 3%, the producer would be entitled to receive 30% of what the Artist would be entitled to from the Fund Payout (3% producer Royalty Rate compared to a 10% Artist Royalty Rate) and the Artist would receive 70%.

Settlement Agreement, ¶ 16(a).

## 2.  Prospective Relief

In addition to paying the past relief as set forth above, WMG will also make changes in the manner in which it pays royalties going forward in perpetuity.  Generally speaking, all Settlement Class Members will be eligible to receive a 5% increase in their Basic U.S. Royalty Rate for the exploitation of Downloads/Mastertones, with a minimum floor of 10% and a maximum cap of 14%.  The Settlement's terms relating to prospective relief are as follows:

---

[2] An Artist is "unrecouped" when certain sums have been paid on behalf of, or to, the Artist against future income (such as sums for recording the album, artwork, musicians, advances) and those sums are greater than the money due the Artist under the applicable contract.

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

a.     *U.S. Exploitation.* Settlement Class Members who timely submit a valid claim form will receive a 5 percentage point increase in their Basic U.S. Rate (i.e., the Royalty Rate currently applied to the full-priced sale of albums through normal retail channels in the U.S.) for U.S. exploitation of Subject Masters as Downloads/Mastertones.  In no event will Settlement Class Members' Basic U.S. Rate be increased to exceed the Royalty Cap (14%) or fall below the Royalty Floor (10%).  If royalties are paid based upon a Basic Worldwide Rate (i.e., a single Royalty Rate applied to the full-priced sale of records through normal retail channels on a worldwide basis), then 5 percentage points will be added to that Royalty Rate for U.S. exploitation of Subject Masters as Downloads/Mastertones, subject to the Royalty Cap and Royalty Floor.  For any Settlement Class Member whose royalties are already being calculated based upon a Basic U.S. Rate that exceeds the Royalty Cap, that Basic U.S. Rate will remain in place and will not be increased or decreased.

b.     *Foreign (ex-U.S.) Exploitation.* Settlement Class Members who timely submit a valid claim form will receive an increase in their Basic Foreign Rates (i.e., the Royalty Rates currently applied to the full-priced sale of records through normal retail channels outside the U.S.) for foreign (ex-U.S.) exploitation of Subject Masters as Downloads/Mastertones, as follows:

(1)     Only for the purposes of calculating the new Basic Foreign Rates the currently used Basic U.S. Rate will be increased by 2.5 percentage points, subject to the Royalty Cap (but not the Royalty Floor), and multiplied by the ratio of the currently applied Basic Foreign Rate to the currently applied Basic U.S. Rate for the calculation of the new Basic Foreign Rates.

(2)     If a Class Contract contains a Basic Worldwide Rate, then 2.5 percentage points will be added to the currently used Basic Worldwide Rate, subject to the Royalty Cap (but not the Royalty Floor), for the calculation of the new Basic Worldwide Rate to be applied to foreign exploitation of Subject

Masters as Downloads/Mastertones.

c.   *Penny Rates.*[3] For those Class Members that are paid royalties based on a Penny Rate Basis, paragraphs (a) and (b) above will be applied after conversion of the Penny Rate to an equivalent Royalty Rate, as set forth in Paragraph 16(b)(3) of the Settlement Agreement.

*Id.*, ¶ 16(b).

The remaining Settlement provisions concerning prospective relief—such as further contractual reductions, the manner of crediting the prospective relief through Class Members' royalty accounts, and payments to Included Other Royalty Recipients—are detailed in Paragraphs 16(b)(4)-(8) of the Settlement Agreement.

The Settlement Fund will be first used to satisfy claims made for past damages.  Any residual funds will be used towards future payments.  Notably, however, WMG is required to pay future claims in perpetuity and thus, the overall financial value of the settlement is actually much higher than $11,500,000 (depending, in part, on the number of class members who make claims and how much future download activity they incur).

### 3.   Narrowly Tailored Release

The Settlement Agreement contains a narrowly tailored release that is specifically limited to claims arising out of the allegations in this case relating to royalties for transactions involving Downloads/Mastertones.  *See* Settlement Agreement, ¶¶ 1(ee) and 8.  The release comports with the applicable law, which holds that a class action lawsuit may release all claims "that may arise out of the transactions or events pleaded in the complaint."  *See* Conte & Newberg, 4 Newberg on Class Actions (4th ed. 2010) ("Newberg") § 12:15, at 312; *see also Nat'l Super Spuds, Inc. v. New York Mercantile Exchange,* 660 F.2d 9, 16-18 (2d Cir. 1981).

### 4.   Attorneys' Fees and Costs and Enhancement Awards

The Settlement Agreement allows Class Counsel to make an application to the Court for an

---

[3] A "penny rate" is a set amount paid per unit sold expressed as currency rather than as a percentage of such sales.

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

award of attorneys' fees and costs, payable from the Fund, in an amount not to exceed $2,875,000 in fees and $150,000 in costs.  Settlement Agreement, ¶ 14.  These attorneys' fees and costs were negotiated only after reaching an agreement as to the relief to the Class.  Warshaw Decl., ¶ 10.  Plaintiffs will also be allowed to make an application to the Court for an enhancement award of $10,000 each, as well as $10,000 each for former class representatives Debra Sledge, Joan Sledge, and Kim Sledge Allen.  Settlement Agreement, ¶ 15.  The enhancement award is designed to reward the current and former class representatives for their service to the Class.

### 5.    Comprehensive Notice Program

The Settlement Agreement provides for a comprehensive notice program that utilizes direct mail notice by way of the biannual royalty statements normally sent to Class Members by WMG, to alert Class Members of their rights under the Settlement.  Settlement Agreement, ¶¶ 10-11.  In addition, notice will be publicized in major industry magazines as well as in newspapers in significant music markets.  As set forth in detail below, the notice program satisfies the requirements of Federal Rule of Civil Procedure ("Rule") 23 and ensures that all—or substantially all—of the Class Members will receive notice of the Settlement.

## III.    LEGAL ANALYSIS

### A.    STANDARD FOR PRELIMINARY APPROVAL

Rule 23(e) requires court approval of any settlement of claims on behalf of a certified class.  It is well-settled that there is "a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."  *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004); *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008).

To grant preliminary approval of a class action settlement, a court need only find that the settlement is within "the range of reasonableness" to justify publishing and sending notice of the settlement to class members and scheduling final approval proceedings.  *See In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079-80 (N.D. Cal. 2007).  The approval of a proposed class action settlement "is committed to the sound discretion of the trial judge."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).  In exercising this discretion, the trial court must give

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1   "proper deference to the private consensual decision of the parties," as "the court's intrusion upon

2   what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must

3   be limited to the extent necessary to reach a reasoned judgment that the agreement is not the

4   product of fraud or overreaching by, or collusion between, the negotiating parties, and the

5   settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id.* at 1027.

6   In making a preliminary determination of the fairness, reasonableness, and adequacy of a

7   class action settlement, the trial court must balance a number of factors, including:

8   (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely
    duration of further litigation; (3) the risk of maintaining class action status

9   throughout the trial; (4) the amount offered in settlement; (5) the extent of
    discovery completed and the stage of the proceedings; (6) the experience and views

10   of counsel; (7) the presence of a governmental participant; and (8) the reaction of
     the class members to the proposed settlement.

11

12   *Churchill Vill.*, 361 F.3d at 575; *see also Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375

13   (9th Cir. 1993).  At the preliminary approval stage, a final analysis of the settlement's merits is not

14   warranted.  Instead, a more detailed assessment is reserved for final approval, after class notice has

15   been sent and class members have had the opportunity to object to, or opt out of, the settlement.

16   *See* Moore's Fed. Prac. ¶ 23.165 (3d ed. 2009).

17   **B.      THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED**

18   Counsel for Plaintiffs and the Class have substantial experience in class action litigation,

19   the music industry, and, in particular, similar litigation currently pending against two of the other

20   major record labels as explained above.  In their view, the proposed settlement at this juncture is

21   well within "the range of reasonableness" and is fundamentally fair, adequate, and reasonable

22   when analyzed using the *Churchill* factors, as set out below:

23                   **1.      The strength of plaintiff's case compared to the risk, expense,**

24                            **complexity, and likely duration of further litigation**

25   Although Class Counsel's opinion is that this case is a strong one, it must be noted that

26   there has not been a ruling on the substantive issue underlying the litigation—whether WMG's

27   exploitation of Artists' Downloads/Mastertones are properly characterized as "licenses" or "sales."

28   Should the Settlement not be approved, further litigation would ensue over WMG's liability for

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1   how it pays royalties on Downloads/Mastertones and the merits of Plaintiffs' legal and damages

2   theories.  While the continuation of this litigation would not likely result in an increased benefit to

3   the Class (and WMG would argue it would resolve on the merits in its favor), it would lead to a

4   very substantial expenditure in attorneys' fees and costs by both parties.  Indeed, should this

5   matter proceed and Plaintiffs prevail, whether through a trial on the merits or through motion

6   practice, WMG would no doubt appeal to the Ninth Circuit resulting in further expense and delay.

7   In reality, should this matter not be settled at this juncture, the only certainty is years of litigation.

8                    **2.        The risk of maintaining class action status throughout the trial**

9            As set out more fully below, Plaintiffs submit that this action could be properly maintained

10  as a class action.  First, the numerosity, commonality, typicality, and adequacy of representation

11  requirements under Rule 23(a) are met.  Next, Rule 23(b)(3) is satisfied because "[w]hen common

12  questions present a significant aspect of the case and they can be resolved for all members of the

13  class in a single adjudication, there is clear justification for handling the dispute on a

14  representative rather than on an individual basis."  *Hanlon*, 150 F.3d at 1022 (internal quotation

15  and citation omitted).  However, Plaintiffs recognize that there are significant hurdles to class

16  certification in this case.  For example, WMG would certainly argue that variations among the

17  Class Contracts preclude certification under Rule 23(b)(3).  Although Plaintiffs are confident that

18  this action can be maintained as a class action, the risk of maintaining class action status

19  throughout trial weighs in favor of preliminary approval.

20                   **3.        The amount offered in settlement**

21  Under the Settlement, Class Members who make claims will be compensated for royalties alleged

22  to be owed on past Downloads/Mastertones *and* will receive an increase in future U.S. and foreign

23  royalties in perpetuity.  Thus, the amount offered in settlement, arrived at after intensive arm's-

24  length negotiations, is a significant recovery for the Class in light of the risks of further litigation

25  and WMG's likely defenses.  In addition, WMG has agreed to pay the costs associated with

26  notifying the Class of the Settlement and administering it, an added benefit conferred upon the

27  Class.

28  / / /

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

### 4.  The extent of discovery completed and the stage of the proceedings

While no formal discovery was served in this action, significant information was exchanged as part of the mediation process and through informal discovery.  Warshaw Decl., ¶ 5. This information provided the parties and Judge Weinstein with sufficient evidence to evaluate the strengths and weaknesses of Plaintiffs' claims and the benefits of the proposed settlement.  *Id.* Further, the Settlement Agreement provides that Class Counsel may engage in confirmatory discovery to verify the information provided by WMG throughout the extensive mediation process.  *Id.*

It is significant that Class Counsel here is also counsel in two other pieces of litigation involving the identical claims alleged herein.  One of those matters, the *James* case, has been the subject of extensive discovery and has had multiple dispositive motion proceedings.  Warshaw Decl., ¶ 3.  Thus, even without formal discovery, Class Counsel is well informed not only of the basis for the claims and allegations herein, but also of WMG's anticipated defenses.  *See* Order Appointing Interim Co-Lead Class Counsel (Dkt. No. 48) (noting that Class Counsel herein "persuasively argue they can litigate these cases most efficiently, drawing on the experience developed in those [other, similar] proceedings").

### 5.  The experience and views of counsel

Plaintiffs and the Class Members are represented in this case by counsel who have significant experience in complex class action litigation, have negotiated numerous other substantial settlements, and have the ability to litigate this case on a classwide basis if a fair settlement were not offered.  *See* Warshaw Decl., ¶ 11; Declaration of James J. Pizzirusso, ¶ 9; Declaration of David M. Given, ¶ 9; Declaration of Michael W. Sobol, ¶ 4; Declaration of Jeffrey A. Koncius, ¶ 2.  Class Counsel include attorneys highly experienced in music and entertainment litigation, and their expertise helped inform the settlement negotiations.  Class Counsel were satisfied with the Settlement Agreement only after conducting intensive settlement negotiations and thorough investigation into the factual and legal issues raised in this case.  Warshaw Decl., ¶ 11.  In negotiating and evaluating the Settlement Agreement, Class Counsel relied on their investigation and drew on their considerable experience, skill, and expertise in determining that

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

the Settlement Agreement was fair, reasonable, and adequate.  *Id.*

## C.   INDIVIDUAL NOTICE MORE THAN SATISFIES RULE 23

Rule 23(e)(1) states that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." Notice to the class must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997); *Mullane v. Cen. Hanover Bank & Trust Co.*, 229 U.S. 306, 314 (1950).  Here, Class Members will receive the Notice and Claim Form with their next royalty statement, as provided in Paragraphs 10-11 of the Settlement Agreement.  This is direct, individual notice to every single Class Member who receives royalty statements from WMG and is undoubtedly the best notice practicable under the circumstances.  In addition to notice via direct mail, the parties will arrange for notice via publication once in *Billboard* magazine (in one-quarter page size), once in *Rolling Stone* magazine (in one-half page size), once in the *Chicago Tribune* (in one-sixth page size), twice in the *Los Angeles Times* (in one-sixth page size), twice in the *New York Times* (in one-sixth page size), and twice in the *Nashville Tennessean* (in 3 columns x 7 in/cm size).  Settlement Agreement, ¶ 12. The parties will also cause the settlement administrator to issue a press release to all major media outlets summarizing the terms of the Settlement.  *Id.*  The above methods of notice satisfy all due process requirements.

In addition to the manner of giving notice to the Class, the contents of the notice itself satisfy Rule 23(c)(2)(B), as the notice includes all required elements: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."  *See* Proposed Notice, attached as Exhibit 2 to the Settlement Agreement.

Finally, the Settlement Agreement comports with the Class Action Fairness Act by requiring WMG to provide notice to the proper entities within 10 days after the Settlement

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1    Agreement is filed with the Court.  *See* 28 U.S.C. § 1715; Settlement Agreement, ¶ 13.

2        Accordingly, the form of notice and the manner of giving notice should be approved.

3    **D.**    **THE COURT SHOULD CERTIFY A SETTLEMENT CLASS FOR**

4        **SETTLEMENT PURPOSES**

5        Before granting preliminary approval of a settlement, the Court must determine that the

6    proposed Settlement Class is a proper class for settlement purposes.  Manual for Complex Litig.

7    (4th ed. 2004) § 21.632; *Amchem Prods.*, 521 U.S. at 620.  Certification is appropriate where the

8    proposed class and the proposed class representatives meet the four requirements of Rule 23(a)—

9    numerosity, commonality, typicality and adequacy of representation—and one of the three

10   requirements of Rule 23(b).

11       Plaintiffs seek certification of a Settlement Class, pursuant to Rules 23(a) and 23(b)(3), on

12   behalf of all "all persons and entities (and their successors-in-interest, assigns and heirs) that are

13   parties to a Royalty Rate Contract dated on or prior to December 31, 2001, with a WMG U.S.

14   Label."  Settlement Agreement, ¶ 2.  Excluded from the Settlement Class are: (a) the Defendant

15   and any person, trust, firm, corporation, or other entity affiliated with or related to the Defendant;

16   (b) any persons or entities who exclude themselves by filing a timely Request for Exclusion in

17   accordance with the requirements set forth by the Court; (c) sample licensors; and (d) persons or

18   entities who have already settled and released claims related to Downloads/Mastertones with a

19   WMG U.S. Label as of the date of the Settlement Agreement.  *Id.*, ¶ 3.  For the reasons set out

20   below, all of the required elements of class certification are satisfied.

21       **1.**    **The Requirements of Rule 23(a) Are Satisfied**

22       "Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class

23   whose claims they wish to litigate."  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550

24   (2011).  Under Rule 23(a), the party seeking certification must demonstrate that:

25       (1) the class is so numerous that joinder of all members is impracticable;
         (2) there are questions of law or fact common to the class;
26       (3) the claims or defenses of the representative parties are typical of the claims or
         defenses of the class; and
27       (4) the representative parties will fairly and adequately protect the interests of the
28       class.

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1  Fed. R. Civ. P. 23(a).

2                        **(a)      Numerosity**

3         Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is

4  impracticable."  Fed. R. Civ. P. 23(a)(1).  "Where the exact size of the class is unknown, but

5  general knowledge and common sense indicate that it is large, the numerosity requirement is

6  satisfied."  *In re Abbott Labs. Norvir Anti-trust Litig.*, Case Nos. C 04-1511 CW, C 04-4203 CW,

7  2007 WL 1689899, at *6 (N.D. Cal. June 11, 2007).  Here, there are thousands of Settlement Class

8  Members, which easily satisfies the numerosity requirement.

9                        **(b)      Commonality**

10         Rule 23(a)(2) requires that there be "questions of law or fact common to the class."  Fed.

11  R. Civ. P. 23(a)(2).  "Commonality requires the plaintiff to demonstrate that the class members

12  'have suffered the same injury.'"  *Dukes*, 131 S. Ct. at 2551 (quoting *Gen. Tel. Co. of Sw. v.*

13  *Falcon*, 457 U.S. 147, 157 (1982)).  Class members' claims "must depend upon a common

14  contention . . . that is capable of classwide resolution—which means that determination of its truth

15  or falsity will resolve an issue that is central to the validity of each one of the claims in one

16  stroke."  *Id.*  "What matters to class certification . . . is not the raising of common 'questions'—

17  even in droves—but, rather the capacity of a classwide proceeding to generate common *answers*

18  apt to drive the resolution of the litigation."  *Id.*

19         Here, the claims of all Class Members depend upon a common contention that WMG

20  improperly accounted for and paid royalties to Class Members for exploitation of Downloads/

21  Mastertones.  Class Members' claims are based upon the same conduct by WMG, based on form

22  contracts applicable to the members of the Class, resulting in the litigation of common legal

23  issues.  Further, the common questions of law and fact presented in this case could only be

24  effectively and efficiently resolved in a classwide proceeding that would generate common

25  answers to those questions.

26                        **(c)      Typicality**

27         Rule 23(a)(3) is satisfied if "the claims or defenses of the representative parties are typical

28  of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  "Under the rule's permissive

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1   standards, representative claims are 'typical' if they are reasonably co-extensive with those of

2   absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.  "The

3   test of typicality is whether other members have the same or similar injury, whether the action is

4   based on conduct which is not unique to the named plaintiffs, and whether other class members

5   have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497,

6   508 (9th Cir. 1992) (internal quotations omitted).  Here, the named Plaintiffs are all successful

7   recording artists that have received royalties from WMG.  They allege the same injury arising

8   from the same conduct by WMG as every other member of the Class.  Their experience is not

9   unique, but is emblematic of the experience of other Class Members.  Accordingly, Plaintiffs'

10   claims are typical of the claims of the Class.

### (d)   Adequacy of Representation

12   Rule 23(a)(4) permits class certification only if "the representative parties will fairly and

13   adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "This factor requires: (1)

14   that the proposed representative plaintiffs do not have conflicts of interest with the proposed class,

15   and (2) that Plaintiffs are represented by qualified and competent counsel." *Dukes*, 603 F.3d at

16   614, *rev'd on other grounds*, 131 S. Ct. 2541 (2011) (quoting *Hanlon*, 150 F.3d at 1020).

17   Plaintiffs do not have any conflicts of interest with the proposed Class.  Plaintiffs' claims

18   are identical to the claims of other Class Members and arise from the same conduct by WMG.

19   Plaintiffs and other Class Members have suffered the same injury, and Plaintiffs seek relief

20   equally applicable and beneficial to the Class.

21   Further, Plaintiffs are represented by qualified and competent counsel who have the

22   experience and resources necessary to vigorously pursue this action.  *See* Order Appointing

23   Interim Co-lead Class Counsel (Dkt. No. 48); Warshaw Decl., ¶¶ 11-13; Declaration of James J.

24   Pizzirusso, ¶ 9; Declaration of David M. Given, ¶¶ 9-12; Declaration of Michael W. Sobol, ¶¶ 4-6;

25   Declaration of Jeffrey A. Koncius, ¶¶ 2-3.  Plaintiffs and their counsel are able to fairly and

26   adequately protect the interests of the Class.

### 2.   The Requirements of Rule 23(b)(3) Are Satisfied

28   In addition to meeting the prerequisites of Rule 23(a), a class action must satisfy at least

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1   one of the three conditions of Rule 23(b).  Plaintiffs submit that the Settlement Class satisfies Rule

2   23(b)(3).

3          Under Rule 23(b)(3), a class action may be maintained if: "[1] the court finds that the

4   questions of law or fact common to class members predominate over any questions affecting only

5   individual members, and [2] that a class action is superior to other available methods for fairly and

6   efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  Here, common questions

7   predominate over any individualized inquiries relating to Class Members.  Plaintiffs' claims are

8   based upon a common course of conduct undertaken by WMG with respect to every member of

9   the Class: the uniform underpayment of royalties to Artists for the exploitation of Downloads/

10  Mastertones.  The questions of law and fact surrounding this ultimate issue far outweigh any

11  individualized issues regarding Class Members' contracts.  Furthermore, competing putative class

12  actions were brought and consolidated into a single action.  This shows that one action is superior

13  to duplicative actions, individual or otherwise.

14         Thus, this action is appropriate for class certification for settlement purposes, embodying

15  all the hallmarks, both in form and in substance, of class actions routinely certified in this Circuit

16  as has been discussed at length herein.

17  **IV.    ATTORNEYS' FEES AND COSTS AND ENHANCEMENT AWARDS**

18         The Settlement Agreement states that Class Counsel may apply to the Court for an award

19  of attorneys' fees and costs in an amount not to exceed $2,875,000 in fees and $150,000 in costs.

20  Settlement Agreement, ¶ 14.  The Settlement Agreement also allows Plaintiffs to apply to the

21  Court for an enhancement award of $10,000 each, as well as $10,000 each for former class

22  representatives Debra Sledge, Joan Sledge, and Kim Sledge Allen.  *Id.*, ¶ 15.  The enhancement

23  award is designed to reward the current and former class representatives for their service to the

24  Class, and is consistent with Ninth Circuit precedent that holds enhancement awards cannot be

25  conditioned on class representatives' support for the settlement.  *See Radcliffe v. Experian Info.*

26  *Solutions, Inc.*, 715 F.3d 1157, 1161 (9th Cir. 2013).

27         The Notice will explain the forthcoming motion for attorneys' fees, costs, and

28  enhancement awards so that Class Members will be aware of the proposed requests.  The motion

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

1    for attorneys' fees, costs, and enhancement awards will be filed a reasonable time before the

2    deadline for objections. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 995 (9th

3    Cir. 2010) (holding that class members should have adequate time to review motion for attorneys'

4    fees before deadline for objections).

5    ## V.     THE COURT SHOULD SET A FINAL APPROVAL HEARING SCHEDULE

6            The last step in the class settlement approval process is the final approval hearing, at which

7    the Court may hear all evidence and argument necessary to evaluate the proposed settlement.  At

8    that hearing, proponents of the settlement may explain and describe its terms and conditions and

9    offer argument in support of settlement approval.  Members of the Class, or their counsel, may be

10   heard in support of or in opposition to the settlement.  Plaintiffs propose the following schedule

11   for final approval of the settlement as detailed in the accompanying proposed order:

| Date | Action |
|------|--------|
| 1. Beginning February 15, 2014 and continuing through March 31, 2014. | Completion of notice to the Class Members—March 31, 2014 ("Notice Date"). |
| 2. May 15, 2014 (45 days after the Notice Date). | Deadline to file Plaintiffs' motion for attorneys' fees, costs, and enhancement awards. |
| 3. May 31, 2014 (61 days after the Notice Date). | Deadline for Class Members to file a claim, opt-out, or object to the Settlement Agreement or Plaintiffs' motion for attorneys' fees, costs, and enhancement awards. |
| 4. August 28, 2014 (150 days after the Notice Date). | Deadline to file Plaintiffs' motion for final approval of the Settlement. |
| 5. October 2, 2014 (185 days after the Notice Date. | Hearing on Final Approval. |

24   ## VI.    CONCLUSION

25           For the reasons stated above, Plaintiffs respectfully submit that the proposed Settlement is

26   fair, adequate, and reasonable, and in the best interests of the Class. Accordingly, they respectfully

27   request that this Court: (a) certify the stipulated Class for settlement purposes; (b) grant

28   preliminary approval of the Settlement; (c) approve the proposed form of notice; (d) schedule the

1   dissemination of the notice; (e) schedule a hearing for final approval of the Settlement; and (f)

2   schedule a hearing for Class Counsel's motion for an award of attorney's fees, costs, and

3   enhancement awards.

4

5   DATED:  December 31, 2013                 Respectfully Submitted,

6

7                                            */s/ Daniel L. Warshaw*

8                                            Daniel L. Warshaw

9                                            Clifford H. Pearson (Bar No. 108523)
                                             Daniel L. Warshaw (Bar No. 185365)
10                                           Alexander R. Safyan (Bar No. 277856)
                                             **PEARSON, SIMON & WARSHAW, LLP**
11                                           15165 Ventura Boulevard, Suite 400
                                             Sherman Oaks, CA 91403
12                                           Telephone: (818) 788 8300
                                             Facsimile:  (818) 788 8104
13                                           cpearson@pswlaw.com
                                             dwarshaw@pswlaw.com
14                                           asafyan@pswlaw.com

15                                           Bruce L. Simon (Bar No. 96241)
                                             Aaron M. Sheanin (Bar No. 214472)
16                                           William J. Newsom (Bar No. 267643)
                                             **PEARSON, SIMON & WARSHAW, LLP**
17                                           44 Montgomery Street, Suite 2450
                                             San Francisco, California 94104
18                                           Telephone: (415) 433-9000
                                             Facsimile:  (415) 433-9008
19                                           bsimon@pswlaw.com
                                             asheanin@pswlaw.com
20                                           wnewsom@pswlaw.com

21                                           Michael D. Hausfeld (pro hac vice)
                                             James J. Pizzirusso (pro hac vice)
22                                           Nathaniel D. Giddings (pro hac vice)
                                             **HAUSFELD LLP**
23                                           1700 K Street, NW Suite 650
                                             Washington, D.C. 20006
24                                           Telephone: (202) 540-7200
                                             Facsimile:  (202) 540-7201
25                                           mhausfeld@hausfledllp.com
                                             jpizzirusso@hausfeldllp.com
26                                           ngiddings@hausfeldllp.com

27                                           Michael P. Lehmann (Bar No. 77152)
                                             Bruce J. Wecker (Bar No. 78530)
28                                           Arthur N. Bailey, Jr. (Bar No. 248460)

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**HAUSFELD LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 633-1908
Facsimile:  (415) 358-4980
mlehmann@hausfeldllp.com
bwecker@hausfeldllp.com
abailey@hausfeldllp.com

Paul R. Kiesel (Bar No. 119854)
Jeffrey A. Koncius (Bar No. 189803)
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211
Telephone: (310) 854-4444
Facsimile:  (310) 854-0812
kiesel@kbla.com
koncius@kbla.com

David M. Given (Bar No. 142375)
Nicholas A. Carlin (Bar No. 112532)
Alexander H. Tuzin (Bar No. 267760)
**PHILLIPS, ERLEWINE & GIVEN LLP**
50 California Street, 35th Floor
San Francisco, CA   94111
Telephone: 415-398-0900
Facsimile: 415-398-0911
dmg@phillaw.com
nac@phillaw.com
aht@phillaw.com

Michael W. Sobol (Bar No. 194857)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
msobol@lchb.com

*Interim Co-Lead Class Counsel*

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT