1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: WARNER MUSIC GROUP CORP. DIGITAL DOWNLOADS LITIGATION | CASE NO. CV 12-0559-RS<br><br>CLASS ACTION<br><br>**[PROPOSED]** **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Richard Seeborg |
|---|---|

The Court, having reviewed Plaintiffs Kathy Sledge Lightfoot, Ronee Blakley, and Gary Wright's (collectively, "Plaintiffs") Motion for Preliminary Approval of Class Action Settlement with Defendant Warner Music Group Corp. ("WMG" or "Defendant"), the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that Plaintiffs' motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Stipulation and Agreement of Settlement ("Settlement Agreement").

2. The Court hereby gives its preliminary approval to the Settlement Agreement, subject to a hearing on the final approval of the settlement (the "Fairness Hearing") on behalf of the following Class:

> All persons and entities (and their successors-in-interest, assigns and heirs) that are parties to a Royalty Rate Contract, dated on or prior to December 31, 2001, with a WMG U.S. Label.

3. The Court finds that the Settlement Agreement falls within the range of reasonableness necessary to grant preliminary approval.  The Court further finds that there is a sufficient basis for notifying the Class of the proposed Settlement Agreement, and for enjoining Class Members from proceeding in any other action arising from or relating to this litigation pending the conclusion of the Fairness Hearing.

4. The Fairness Hearing will be conducted to determine the following:

   a. Whether the proposed Settlement Agreement is fair, reasonable, and adequate and should be granted final approval;

   b. Whether final judgments should be entered dismissing the claims of the Class against WMG with prejudice as required by the Settlement Agreement; and

   c. Such other matters as the Court may deem appropriate.

5.  Plaintiffs Kathy Sledge Lightfoot, Ronee Blakley and Gary Wright are hereby found to be adequate representatives of the Class and are therefore appointed as Class Representatives.

6.  Previously appointed Interim Co-Lead Class Counsel, Pearson, Simon & Warshaw, LLP, Hausfeld LLP, Kiesel Law LLP, Lieff Cabraser Heimann & Bernstein, LLP, and Phillips, Erlewine & Given, LLP are hereby found to adequately represent the interests of the Class and are therefore appointed as Class Counsel.

7.  The Court appoints Rust Consulting, Inc. as the Claims Administrator.

8.  The Court approves the form and content of the Claim Form, Long Form Notice, and Summary Published Notice, attached hereto as Exhibits 1 through 3, respectively.

9.  The Court approves the mailing of the Long Form Notice (attached hereto as Exhibit 2) by WMG to the Class members via direct mail along with the Class Member's royalty statement for the period ending December 31, 2013.  The mailing shall begin with the royalty statements to be sent out on or around February 15, 2014 ("Notice Date") and continue through the completion of the mailing of the royalty statements for the December 31, 2013 period at or around the end of March 2014.

10. Commencing on or before the Notice Date, the Claims Administrator shall arrange for publication of the Summary Publication Notice, in the form attached hereto as Exhibit 3, in black and white, by purchasing media buys in the following publications: (a) *Billboard* Magazine in a size equivalent to a 1/8 page advertisement in one issue; (b) *Rolling Stone* Magazine in a size equivalent to a 1/8 page advertisement in one issue; (c) the *Chicago Tribune* in a size equivalent to a 1/6 advertisement in one issue; the *Los Angeles Times* in a 1/6 page advertisement in two issues; (d) the *Nashville Tennessean* in a 3 column advertisement in two issues; and (e) the *New York Times* in a 1/6 page advertisement in two issues.

11. Commencing on or before the Notice Date, the Settlement Administrator shall issue a press release in the form of the Publication Notice to be disseminated through the major media outlets, and Defendant shall provide a hyperlink to the Settlement Website on its website, www.wmg.com.

12. Within 7 calendar days following this Order, the Claims Administrator shall establish the Settlement Website, which shall contain the Long Form Notice; information substantially similar to the Summary Published Notice; a Contact Information page that includes address and telephone numbers for the Claims Administrator and Plaintiffs' Counsel; the Settlement Agreement; this Order; a downloaded version of the Claim Form; and (when it becomes available) Plaintiffs' Counsel's application for attorneys' fees, expenses, and enhancement awards.

13. Class members are instructed to follow the instructions for exercising their rights under the Settlement Agreement as set forth in the Settlement Agreement and Class Notice. Failure to timely file and serve written objections will preclude a Class Member from objecting to the Settlement Agreement.

14. The Court finds that the forms of notice to the Class Members regarding the pendency of this class action, and the methods of dissemination to the Class Members in accordance with the terms of this Order, constitute valid, due, and sufficient notice to the Class Members pursuant to Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law.

15. Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

16. In the event that this Order conflicts with the Settlement Agreement regarding the form and manner of providing notice to the Class, this Order shall control. All provisions of the Settlement Agreement regarding the form and manner of providing notice to the Class shall remain in full force and effect unless otherwise expressly modified herein.

17. The Court adopts the following schedule in order to effectuate the final approval of the Settlement Agreement:

    a. Plaintiffs' motion for attorneys' fees, costs and incentive awards shall be filed on or before May 15, 2014;

    b. Class Members shall have until May 31, 2014 to file claims, opt-out, or exclude themselves, file a Notice of Intent to Appear at the Fairness Hearing, object to the Settlement Agreement, or respond to Plaintiffs' motion for attorneys' fees, costs, and enhancement awards;

    c. Plaintiffs shall file their motion for final approval of the Settlement Agreement on or before August 28, 2014; and

    d. The Fairness Hearing shall be held on October 2, 2014 at 1:30 p.m.

  18. The hearing date or time for the Fairness Hearing may be moved *sua sponte* by the Court or pursuant to a stipulation by the parties subject to Court approval without providing additional notice to the Class Members.

  19. Class Members shall, upon final approval of the Settlement Agreement, be bound by the terms and provision of the Settlement Agreement so approved, including but not limited to the releases, waivers, and covenants described in the agreements, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds.

  20. All further proceedings in this litigation are hereby stayed except for any actions required to effectuate the Settlement Agreement.

**IT IS SO ORDERED**

DATED: 1/23/14

          */s/ Richard Seeborg*
          Honorable Richard Seeborg
          UNITED STATES DISTRICT COURT