David M. Given (State Bar No. 142375)
Phillips, Erlewine & Given LLP
50 California Street, 32nd Fl.
San Francisco, CA 94111
dmg@phillaw.com
Telephone: 415-398-0900
Facsimile: 415-398-0911

Attorneys for Plaintiffs and the Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: WARNER MUSIC GROUP CORP. DIGITAL DOWNLOADS LITIGATION | CASE NO. 12-CV-0559-RS<br><br>CLASS ACTION<br><br>**DECLARATION OF DAVID M. GIVEN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, ETC.**<br><br>(Assigned to the Honorable Richard Seeborg)<br><br>[Complaint Filed: February 2, 2012]<br><br>Date: October 2, 2014<br>Time: 1:30 p.m.<br>Courtroom: 3, 17th Floor |

I, David M. Given, declare as follows:

1. I am a partner in the law firm of Phillips, Erlewine & Given LLP ("PE&G"), one of the attorneys of record for Plaintiffs and the Class ("Plaintiffs"). I am an attorney duly admitted to practice before this Court and am a member in good standing of the State bars of California and New York.

2. I am the attorney principally responsible for the handling of this matter at PE&G. I am personally familiar with the facts set forth in this declaration. If called as a witness I could and would competently testify to the matters stated herein. I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Litigation Costs, and Incentive Awards.

## I. THE WORK PERFORMED BY PHILLIPS, ERLEWINE, & GIVEN LLP

### A. Background and Experience

3. The Court has previously considered two declarations covering the subject of my and my law firm's background and experience as may be relevant to the present motion. Reference is made to both my declaration filed in support of the motion for appointment of interim co-lead counsel (ECF No. 17-4), as well as my declaration filed in support of the preliminary approval granted the proposed settlement (ECF No. 96-2), the contents of which I reaffirm and which are incorporated herein by this reference.

4. In short, I believe the content of those declarations should demonstrate to the Court's satisfaction that my firm and I have relevant experience in handling class actions, complex commercial litigation, and the types of music industry-related claims asserted in the instant action.

### B. Litigation and Settlement of the Warner Action

5. During the course of this lawsuit, and primarily in the context of an almost two-year long mediation process, PE&G's attorneys endeavored to zealously represent the interests of class members in this action. My law firm's work in this regard included initially formulating the legal basis for the class members' claims, analyzing relevant facts and other circumstances giving rise to these claims, conceiving a class-wide basis for asserting such claims, discussing these claims with music industry professionals, drafting a complaint, interviewing prospective class plaintiffs, supervising the filing of a complaint against defendant on behalf of my law firm's clients, conferring with co-counsel on a leadership structure for the administration and management of this case, litigating that subject before the Court, and reporting to the Court on a periodic basis.

6. This work also took the form of direct involvement in the mediation process and settlement negotiations producing the Dec. 2013 agreement proffered to the Court for preliminary approval. The negotiations leading to this agreement were complex, protracted and contentious, and the agreement they produced evolved over several iterations and was hard-fought. Throughout these negotiations, and through its direct participation in the drafting of the settlement

agreement and the motion for its preliminary approval, my law firm helped to develop and present to the Court a settlement that obtained both monetary relief for Plaintiffs and the Class and valuable perpetual prospective relief by securing modification (subject to certain limitations) of Plaintiffs and Class members' contracts.

7. In addition, following this Court's preliminary approval of the settlement agreement reached by the parties in this action, I was directly involved in communicating with opposing counsel on post-settlement issues as they arose, in communicating with class members and their professional representatives on the terms and conditions of the settlement and its impact and application on their rights, as well as in various aspects of the confirmatory discovery called for in that agreement, including meeting with and vetting prospective music business accountants to represent the Class and to formulate a protocol for that discovery.

C. **Class Counsel's Work in the Warner Action**

8. On June 1, 2012, this Court consolidated five related actions in this litigation and appointed my law firm together with Pearson, Simon, & Warshaw LLP; Lieff, Cabraser, Heimann & Bernstein LLP; Hausfeld LLP; and Kiesel Law LLP, as interim co-lead class counsel (ECF No. 48).

9. I understand that in addition to the foregoing law firms, Johnson & Johnson LLP, the Law Offices of Leonard B. Simon, and the Law Offices of Elliot Cahn will also be submitting time and expenses on behalf of the work that their respective law firms performed in this matter. Where it was able, my law firm took steps to ensure that all these law firms were acting efficiently and in the best interests of the Class.

10. Throughout this litigation, while the majority of my law firm's time commitment in this action fell upon me, I have worked with my colleagues to divide and manage tasks among personnel in our firm, to prevent duplication of effort and to effectively and cost-efficiently represent the Class in this matter. To the best of my knowledge and belief, all time and expenses submitted on behalf of PE&G are separate and non-duplicative of any time and expenses

1  submitted by other law firms involved in the case; my law firm's time and expenses benefitted the
2  Class; and, as such, my law firm should be compensated for its work on the Class' behalf.
3      11.    As detailed below and in the attached exhibits, PE&G's role is reflected in the time
4  spent in its work as co-lead counsel in this action, as follows:
5      a.    Attorney Meeting/Strategy (82.50 hours): Preparation and multiple in-
6  person meetings and telephone conferences of one attorney from this law firm with co-lead
7  counsel as well as meetings among attorneys from this law firm to consider case management and
8  settlement strategy, together with multiple communications and memoranda on the same subjects.
9      b.    Case Management (2.25 hours): Organization of file and client and case
10 documents.
11     c.    Court Appearance (3.50 hours): Same day preparation and in-court
12 appearance by me on motions for appointment of lead counsel and for preliminary approval.
13     d.    Client Meeting (19.85 hours): Preparation and multiple in-person meetings
14 and telephone conferences between and among me and class plaintiffs and members as well as
15 their professional representatives (including one meeting lasting an entire business day) to discuss
16 various matters relating to the progress of the case, the status of settlement negotiations and the
17 impact and application of the proposed settlement in this action on class members' rights.
18     e.    Research (83.15 hours): Pre-suit legal and factual research conducted by
19 one or more attorneys from this law firm in connection with the initiation of litigation and the
20 preparation of pleadings and papers originally filed with the Court, together with communications
21 and memoranda on various subjects, as well as similar work during the mediation process and
22 post-settlement work in confirmatory discovery and communicating the results of said research
23 with interested parties and counsel.
24     f.    Pleadings/Motions (44.60 hours): Work performed by one or more
25 attorneys and paralegals from this law firm in connection with preparation and completion of
26 pleadings and papers filed with the Court, including the drafting of the complaint in *Johnston, et*
27 *al. v. Warner Music Group Corp.* (Case No. CV-12-1611-LB), the relating and consolidating of
28

the various cases against defendant into the present action, the motion for appointment of interim lead counsel and supporting declaration, and the motion for preliminary approval and supporting declaration, as well as communications with co-lead counsel and class plaintiffs on the same subjects.

        g.      Settlement (103.90 hours): Work in connection with preparation and participation in mediation process, including multiple in-person meetings (many lasting all day) and telephone conferences with JAMS neutrals and opposing counsel, as well as review and analysis of financial, contractual and other data from defendant, and the drafting of multiple iterations and completion of settlement documentation and communications with co-lead and opposing counsel on same.

## II. PE&G's Lodestar for Work Performed in This Litigation

12. A true and correct summary of the total hours billed on this case and the hourly rates for my law firm's attorneys and staff from inception through April 30, 2014 are attached in a Summary Report as Exhibit A. The report indicates a total lodestar of $161,930.00, reflecting a total of 339.75 hours. This summary was prepared from contemporaneous time records reflecting the historical rates of PE&G attorneys and paralegals. These rates are the same rates (or less) charged by my law firm to hourly clients in this District and elsewhere for comparable work in the music industry. These hourly rates (or their historical equivalents) have also been approved by courts presiding over actions, including class actions, brought by PE&G. See, e.g., *Erikson, et al. v. Sympathy for the Record Industry*, Case No. C-10-636-HRL (N.D. Cal. March 30, 2011) (order granting motion for fees in copyright infringement case); *Sayre v. SFS 39, Inc.*, Case No. CGC-12-523838 (S.F. Sup. Ct. Feb. 19, 2014) (order granting final approval of class settlement in wage and hour case). All work reported by my law firm's attorneys and paralegals on behalf of the Class members in this case was performed on a contingent basis.

13. There has been no change in my firm's rates during the pendency of this action. Therefore, PE&G's current rates are those reflected above and in Exhibit A.

1  14. I billed 224.35 hours to this matter at an hourly rate of $550.00 per hour
2  ($123,392.50). My paralegals billed 20.50 hours at an hourly rate of $175.00 per hour
3  ($3,587.50). Other attorneys in my firm, partners Nicholas A. Carlin and R. Scott Erlewine
4  collectively billed 23.05 hours to this matter at a rate of $550.00 per hour ($12,677.50),
5  associate/of counsel attorney Kara Wolke billed 43.10 hours to this matter at a rate of $350 per
6  hour ($15,085.00), and associate Alexander H. Tuzin billed 28.75 hours to this matter at a rate of
7  $250.00 per hour ($7,187.50).

8  15. I also anticipate that my law firm will incur an additional $5,500.00 in attorneys'
9  fees associated with this matter from May 1, 2014, through the conclusion of the present motion,
10 representing 10 hours of my time associated with work on this motion, confirmatory discovery and
11 additional communications and meetings with class members, their professional representatives
12 and co-lead counsel.

13 16. Based on my experience and practice, I believe the hourly rates charged by PE&G
14 are consistent with the rates charged in the San Francisco legal community for attorneys of similar
15 caliber and experience.

### III. The Expenses Incurred by PE&G

17 17. A true and correct summary of the expenses incurred by PE&G during the course
18 of this litigation is attached in a Summary Report as Exhibit B. The expenses pertaining to this
19 case are reflected in the books and records of my firm. The expense summary was prepared based
20 on expense vouchers, check records, and other documents and is an accurate record of my law
21 firm's out-of-pocket expenses incurred in relation to this action.

22 18. The expense summary indicates a total of $4,708.80 in expenses incurred by PE&G
23 to April 30, 2014, in connection with the prosecution of this litigation. Almost all of the expense
24 incurred was in connection with trips to the Los Angeles area, primarily for the mediation and
25 related settlement meetings with opposing counsel and counsel for the class, and one trip to the
26 Phoenix area, for an all-day meeting with a group of class plaintiffs living there, but also included
27 pre- and post-settlement meetings with professional representatives of one class plaintiff and
28

multiple class members as well as two separate meetings on two different dates to interview two music business accountants in connection with their retention for confirmatory discovery duties. Where I was able to conduct business on any one trip for more than this matter, I allocated portions of the expense associated with that travel to other clients and other matters (and occasionally, allocated a portion of the expense to my law firm), so the foregoing expense does not reflect the total amount incurred on these individual trips. On the whole, for the over two-year period in question, I believe the expenses claimed here were reasonable and necessary given the location of these events and of many of the clients, class members, their professional representatives and other interested parties.

19. Based on my professional experience, and taking into consideration the risks of continued litigation as compared to the relief granted by the Settlement, it is my opinion that the settlement is fair, adequate, and reasonable, and in the best interests of the Class.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed on May 13, 2014, in San Francisco, CA

_____
David M. Given

# EXHIBIT A

## Mephisto v. Warner Music Group
## TIME REPORT

**Firm name: Phillips, Erlewine & Given LLP**
**Reporting period: Inception thru 04/30/14**

**Categories:**
(1) Attorney Meeting / Strategy
(2) Case Management
(3) Court Appearance
(9) Client Meeting
(10) Research (A) Pre-Suit
(11) Pleadings / Motions
(12) Settlement

**Status:**
(P) Partner
(A) Associate
(LC) Law Clerk
(PL) Paralegal
(C) Counsel

| Name | Status | (1) | (2) | (3) | (9) | (10) | (10A) | (11) | (12) | Hourly Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| David M. Given | P | 81.25 | 1.00 | 3.50 | 19.85 | 4.00 | 30.50 | 4.65 | 79.60 | $550.00 | 224.35 | $123,392.50 |
| Nicholas A. Carlin | P | 1.25 | 0.00 | 0.00 | 0.00 | 0.25 | 1.00 | 0.00 | 17.05 | $550.00 | 19.55 | $10,752.50 |
| R. Scott Erlewine | P | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3.50 | 0.00 | $550.00 | 3.50 | $1,925.00 |
| Kara M. Wolke | A | 0.00 | 0.00 | 0.00 | 0.00 | 0.50 | 19.40 | 23.20 | 0.00 | $350.00 | 43.10 | $15,085.00 |
| Alexander H. Tuzin | A | 0.00 | 1.25 | 0.00 | 0.00 | 15.00 | 0.00 | 12.50 | 0.00 | $250.00 | 28.75 | $7,187.50 |
| PAR | PL | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.75 | 6.75 | $175.00 | 7.50 | $1,312.50 |
| PAR | PL | 0.00 | 0.00 | 0.00 | 0.00 | 6.50 | 0.00 | 0.00 | 0.00 | $175.00 | 6.50 | $1,137.50 |
| LC | LC | 0.00 | 0.00 | 0.00 | 0.00 | 6.00 | 0.00 | 0.00 | 0.50 | $175.00 | 6.50 | $1,137.50 |
| | | | | | | | | | | | | |
| **Attorneys Totals** | | 82.50 | 2.25 | 3.50 | 19.85 | 19.75 | 50.90 | 43.85 | 96.65 | | 319.25 | $158,342.50 |
| | | | | | | | | | | | | |
| **Non-Attorneys Totals** | | 0.00 | 0.00 | 0.00 | 0.00 | 12.50 | 0.00 | 0.75 | 7.25 | | 20.50 | $3,587.50 |
| | | | | | | | | | | | | |
| **TOTALS** | | 82.50 | 2.25 | 3.50 | 19.85 | 32.25 | 50.90 | 44.60 | 103.90 | | **339.75** | **$161,930.00** |

# EXHIBIT B

**Mephisto v. WMG**
**Costs Report**

**Firm Name: Phillips, Erlewine & Given LLP**
**Reporting Period: Inception thru 4/30/14**

| DESCRIPTION | CUMULATIVE TOTAL |
|---|---:|
| Computer Research | $31.52 |
| Travel: Airfare | $1,961.50 |
| Travel: Car rental/taxi/parking | $952.67 |
| Travel: Lodging | $1,204.95 |
| Travel: Meals | $558.16 |
| **TOTAL:** | **$4,708.80** |