1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10

11 | IN RE: WARNER MUSIC GROUP CORP.     | CASE NO. CV 12-0559-RS
   | DIGITAL DOWNLOADS LITIGATION        |
12 |                                     | [~~PROPOSED~~] ORDER GRANTING
   |                                     | MOTION FOR FINAL APPROVAL OF
13 |                                     | CLASS ACTION SETTLEMENT

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  The Court, having reviewed the Motion for Final Approval of Class Action Settlement between Plaintiffs Kathy Sledge Lightfoot, Ronee Blakley and Gary Wright ("Plaintiffs") and Defendant Warner Music Group Corp. ("WMG"), the evidence and argument provided by the parties, and the pleadings and other papers on file in this action, hereby GRANTS final approval to the Stipulation and Agreement of Settlement, as detailed below.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this litigation and over the parties to the Settlement Agreement.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Stipulation and Agreement of Settlement.

3. The Court hereby finally approves and confirms the settlement set forth in the Stipulation and Agreement of Settlement and finds that said settlement is, in all respects, fair, adequate, and reasonable to the Class.

4. Pursuant to Federal Rule of Civil Procedure ("Rule") 23, the Court finds that the Class to satisfies the elements of Rule 23(a), (b)(2), and (b)(3).  Pursuant to Rule 23(g), the Court appoints previously-appointed Class Counsel, Pearson, Simon & Warshaw, LLP, Lieff, Cabraser, Heimann & Bernstein LLP, Phillips, Erlewine & Given LLP, Hausfeld LLP, and Kiesel Boucher Larson LLP, as Counsel for the Class.

5. The Court finds that the persons identified in Exhibit "A" attached hereto have timely and validly requested exclusion from the Class, and therefore, are excluded accordingly.  Such persons are not included in or bound by this Final Judgment.  Such persons are not entitled to any recovery from the settlement proceeds obtained through this settlement.

6. The Court finds that the objection of Debra Sledge, Joan Sledge, and Kim Sledge Allen (Dkt. No. 107) is invalid because they have been excluded from the class as all Class Members who are parties to the Sister Sledge Class Contract did not submit claims.  *See, Stipulation and Agreement of Settlement*, § 21(a) (Dkt. 96-1); *see also* Declaration of Melissa Eisert, ¶ 10(a).  Only class members have standing to object to a class settlement.  *In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 28-29 (D.D.C. 2000); *Moore v. Verizon Communications*

*Inc.*, 2013 WL 4610764 (N.D. Cal 2013) ("[i]t is well-settled that only class members may object to a class action settlement."); and Conte & Newberg, *Newberg on Class Actions* § 13:23 (5th ed. 2014).  Despite the lack of standing, the Court has considered the objection made to the settlement and hereby overrules such objection, finding that it does not call into question the fairness, adequacy, or reasonableness of the settlement to the Class.

7. The Court hereby dismisses on the merits and with prejudice the claims asserted in this litigation by Plaintiffs against WMG, with Plaintiffs and WMG to bear their own costs and attorneys' fees except as provided for in the Stipulation and Agreement of Settlement.

8. Plaintiffs, the Settlement Class, and each Class Member on behalf of themselves, their heirs, executors, administrators, attorneys, successors and assigns, and any persons they represent, shall be deemed to have, and by operation of the dismissal of the Action shall have, fully, finally and forever released, relinquished, and discharged the Released Parties with respect to each and every Released Claim and shall forever be enjoined from prosecuting any of the Released Claims with respect to each and every Released Party and covenant not to sue any of the Released Parties with respect to any of the Released Claims.

    (a) "Released Parties" means Defendant, including its unincorporated divisions and business units, and any of its past, present, or future parent entities, associates, affiliates, subsidiaries, or licensees and each and all of their past, present and future officers, directors, stockholders, principals, employees, advisors, agents, attorneys, financial or investment advisers, consultants, lenders, insurers, investment bankers, commercial bankers, representatives, affiliates, associates, parents, subsidiaries, joint ventures, general and limited partners and partnerships, heirs, executors, trustees, personal representatives, estates, administrators, trusts, predecessors, successors and assigns.

    (b) "Released Claims" shall collectively mean any and all actions, suits, claims, demands, rights, liabilities and causes of action, of every nature and description whatsoever, whether individual, class, derivative, representative, legal, equitable or any other type or in any other capacity, or concealed or hidden, that were asserted or that could have been asserted (including without limitation claims for negligence, gross negligence breach of contract, breach of

duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal common law, statutes, rules, or regulations), including both known claims and Unknown Claims, that the Plaintiffs, the Settlement Class, any Class Member or any of them in the past had, now has, or might in the future have against the Released Parties or any of them (i) on the basis of, connected with, or in any way arising out of any allegation that any past, present, or future accrual of royalties for transactions involving Downloads/Mastertones anywhere in the world on the ground (whatever the theory and wherever in the world the transaction takes place) that transactions involving Downloads/Mastertones are not sales and/or that compensation for transactions involving Downloads/Mastertones should not be paid on a Royalty Rate Basis or a Penny Rate Basis as applicable under the so-called "Records Sold" provision of the applicable Class Contract and/or that royalty recipients should receive different royalty treatment for Downloads/Mastertones depending on the nature of WMG's contractual relationship with digital music retailers such as Apple's iTunes Store; and (ii) as to the adequacy and accuracy of anything contained within WMG's Settlement Class Relief Report, which will be finally confirmed through the process set forth in Paragraph 21(e), except as otherwise set forth herein.

9.   The Court finds that the settlement Notice disseminated to the Class was the best notice that was practicable under the circumstances.  Said Notice provided due and adequate notice of these proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation and Agreement of Settlement, and fully satisfied the requirements of Rule 23(c)(2) and (e) and due process.

10.   Without affecting the finality of this Judgment in any way, the Court hereby retains continuing and exclusive jurisdiction over: (a) implementation of the settlement and any distribution to Class Members pursuant to further orders of this Court; (b) hearing and determining Plaintiff's application for attorneys' fees, costs, and Named Plaintiffs' incentive award; (c) WMG until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties has been performed pursuant to the Stipulation and Agreement of Settlement; and (d) all parties and Class Members for the purpose of enforcing and administering the Stipulation and Agreement of Settlement.

1    11.    In the event the settlement does not become effective in accordance with the terms
2 of the Stipulation and Agreement of Settlement, then the judgment shall be rendered null and void
3 and shall be vacated, and in such event, all orders entered and releases delivered in connection
4 herewith shall be null and void and the parties shall be returned to their respective positions *ex*
5 *ante*.

6    12.    The Court finds, pursuant to Rule 54(a) and (b), that this Final Judgment should be
7 entered and further finds that there is no just reason for delay in the entry of this judgment as a
8 Final Judgment, as to the parties to the Stipulation and Agreement of Settlement.  Accordingly, the
9 Clerk is hereby directed to enter Judgment forthwith.

**IT IS SO ORDERED.**

DATED: January 12, 2015

_____
Honorable Richard Seeborg
UNITED STATES DISTRICT COURT