UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: WARNER MUSIC GROUP CORP. DIGITAL DOWNLOADS LITIGATION | CASE NO. CV 12-0559-RS<br><br>[~~PROPOSED~~] ORDER AS MODIFIED BY THE COURT GRANTING PLAINTIFFS' MOTION FOR ATTORNEY FEES, LITIGATION COSTS, AND INCENTIVE AWARDS |

859437.1

CASE NO. 12-CV-0559-RS

[PROPOSED] ORDER AS MODIFIED BY THE COURT GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES. LITIGATION COSTS. AND INCENTIVE AWARDS

1    The Court, having reviewed Plaintiffs Kathy Sledge Lightfoot, Ronee Blakley, and Gary Wright's (collectively, "Plaintiffs") Motion for Attorneys' Fees, Litigation Costs, and Incentive Awards, the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that Plaintiffs' motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Stipulation and Agreement of Settlement (Dkt. No. 96-1, Ex. A) ("Settlement Agreement").

2. The Court finds that Plaintiffs' requested fee award of $2,875,000 is fair and reasonable in light of the results obtained by Plaintiffs' counsel in this case; the risks and complex issues involved, and the skill and high-quality work required to overcome them; the burdens borne by counsel in pursuing this litigation on a pure contingency basis; and the range of awards made in similar cases. The Court finds that the requested fee award, which represents the Ninth Circuit's benchmark of 25% of the Fund created by the Settlement Agreement, comports with the applicable law and is justified by the circumstances of this case.

3. The Court has confirmed the reasonableness of Plaintiffs' fee request by conducting a lodestar cross-check. The Court finds that Plaintiffs' counsel's reasonable lodestar as of December 31, 2014, the date they filed their Supplemental Declaration in Support of Plaintiffs' Motion for Attorney Fees, Litigation Costs, and Incentive Awards was $1,995,780.50 based on their historical hourly rates, and $2,063,274.00 based on their current hourly rates. Accordingly, Plaintiffs' requested fee award represents a multiplier of 1.44 based on counsel's historical hourly rates and 1.39 based on their current hourly rates. This multiplier is within the range of multipliers awarded in similar complex class action cases and is well-justified here, given the novelty and difficulty of this litigation, counsel's skillful handling of the difficult factual and legal issues presented, the significant contingent risks in this case, and the quality of the result achieved.

4. The Court finds that Plaintiffs' counsel incurred a total of $97,429.54 in litigation costs and expenses in prosecuting this litigation as of December 31, 2014. The Court finds that

these costs and expenses were reasonably incurred in the ordinary course of prosecuting this case and were necessary given the complex nature and nationwide scope of the case.  Accordingly, the Court approves a payment to Plaintiffs' counsel in the amount of their total costs and expenses incurred to reimburse them for such costs and expenses.

5. Finally, the Court approves an incentive award of $10,000 each to current class representatives Kathy Sledge Lightfoot, Ronee Blakley, and Gary Wright, and to former class representatives Debra Sledge, Joan Sledge, and Kim Sledge Allen.  In *Radcliffe v. Experion Information Solutions,* 715 F.3d 1157 (9th Cir. 2013), the Ninth Circuit instructed that making incentive awards, while permissible when not conditioned on class representatives' support for the settlement, "should not become routine practice."  They must be "scrutinize[d]" carefully, so that they "do not undermine the adequacy of the class representatives."  715 F. 3d at 1160.  Plaintiffs' application for incentive awards was carefully considered in light of these principles, and deemed reasonable and justified given: (1) the risks—reputational, financial, and otherwise—faced by the class representatives in bringing this lawsuit; and (2) the work performed and the active participation in the litigation and settlement processes by the class representatives on behalf of members of the class.

6. The attorneys' fees, costs, and incentive awards set forth in this Order shall be paid by Defendant Warner Music Group Corp. in accordance with the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED:  January 12, 2015

_____
Honorable Richard Seeborg
United States District Judge