UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: WARNER MUSIC GROUP CORP. DIGITAL DOWNLOADS LITIGATION | CASE NO. CV 12-0559-RS<br><br>[~~PROPOSED~~] **ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

The Court, having reviewed the Motion for Final Approval of Class Action Settlement between Plaintiffs Kathy Sledge Lightfoot, Ronee Blakley and Gary Wright ("Plaintiffs") and Defendant Warner Music Group Corp. ("WMG"), the evidence and argument provided by the parties, and the pleadings and other papers on file in this action, hereby GRANTS final approval to the Stipulation and Agreement of Settlement, as detailed below.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this litigation and over the parties to the Settlement Agreement.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Stipulation and Agreement of Settlement.

3. The Court hereby finally approves and confirms the settlement set forth in the Stipulation and Agreement of Settlement and finds that said settlement is, in all respects, fair, adequate, and reasonable to the Class.

4. Pursuant to Federal Rule of Civil Procedure ("Rule") 23, the Court finds that the Class to satisfies the elements of Rule 23(a), (b)(2), and (b)(3). Pursuant to Rule 23(g), the Court appoints previously-appointed Class Counsel, Pearson, Simon & Warshaw, LLP, Lieff, Cabraser, Heimann & Bernstein LLP, Phillips, Erlewine & Given LLP, Hausfeld LLP, and Kiesel Boucher Larson LLP, as Counsel for the Class.

5. The Court finds that the persons identified in Exhibit "A" attached hereto have timely and validly requested exclusion from the Class, and therefore, are excluded accordingly. Such persons are not included in or bound by this Final Judgment. Such persons are not entitled to any recovery from the settlement proceeds obtained through this settlement.

6. The Court finds that the objection of Debra Sledge, Joan Sledge, and Kim Sledge Allen (Dkt. No. 107) is invalid because they have been excluded from the class as all Class Members who are parties to the Sister Sledge Class Contract did not submit claims. *See, Stipulation and Agreement of Settlement, § 21(a) (Dkt. 96-1); see also* Declaration of Melissa Eisert, ¶ 10(a). Only class members have standing to object to a class settlement. *In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 28-29 (D.D.C. 2000); *Moore v. Verizon Communications*

1 *Inc.*, 2013 WL 4610764 (N.D. Cal 2013) ("[i]t is well-settled that only class members may object
2 to a class action settlement."); and Conte & Newberg, *Newberg on Class Actions* § 13:23 (5th ed.
3 2014). Despite the lack of standing, the Court has considered the objection made to the settlement
4 and hereby overrules such objection, finding that it does not call into question the fairness,
5 adequacy, or reasonableness of the settlement to the Class.

6     7.     The Court hereby dismisses on the merits and with prejudice the claims asserted in
7 this litigation by Plaintiffs against WMG, with Plaintiffs and WMG to bear their own costs and
8 attorneys' fees except as provided for in the Stipulation and Agreement of Settlement.

9     8.     Plaintiffs, the Settlement Class, and each Class Member on behalf of themselves,
10 their heirs, executors, administrators, attorneys, successors and assigns, and any persons they
11 represent, shall be deemed to have, and by operation of the dismissal of the Action shall have,
12 fully, finally and forever released, relinquished, and discharged the Released Parties with respect
13 to each and every Released Claim and shall forever be enjoined from prosecuting any of the
14 Released Claims with respect to each and every Released Party and covenant not to sue any of the
15 Released Parties with respect to any of the Released Claims.

16     (a)     "Released Parties" means Defendant, including its unincorporated divisions
17 and business units, and any of its past, present, or future parent entities, associates, affiliates,
18 subsidiaries, or licensees and each and all of their past, present and future officers, directors,
19 stockholders, principals, employees, advisors, agents, attorneys, financial or investment advisers,
20 consultants, lenders, insurers, investment bankers, commercial bankers, representatives, affiliates,
21 associates, parents, subsidiaries, joint ventures, general and limited partners and partnerships,
22 heirs, executors, trustees, personal representatives, estates, administrators, trusts, predecessors,
23 successors and assigns.

24     (b)     "Released Claims" shall collectively mean any and all actions, suits, claims,
25 demands, rights, liabilities and causes of action, of every nature and description whatsoever,
26 whether individual, class, derivative, representative, legal, equitable or any other type or in any
27 other capacity, or concealed or hidden, that were asserted or that could have been asserted
28 (including without limitation claims for negligence, gross negligence breach of contract, breach of

duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal common law, statutes, rules, or regulations), including both known claims and Unknown Claims, that the Plaintiffs, the Settlement Class, any Class Member or any of them in the past had, now has, or might in the future have against the Released Parties or any of them (i) on the basis of, connected with, or in any way arising out of any allegation that any past, present, or future accrual of royalties for transactions involving Downloads/Mastertones anywhere in the world on the ground (whatever the theory and wherever in the world the transaction takes place) that transactions involving Downloads/Mastertones are not sales and/or that compensation for transactions involving Downloads/Mastertones should not be paid on a Royalty Rate Basis or a Penny Rate Basis as applicable under the so-called "Records Sold" provision of the applicable Class Contract and/or that royalty recipients should receive different royalty treatment for Downloads/Mastertones depending on the nature of WMG's contractual relationship with digital music retailers such as Apple's iTunes Store; and (ii) as to the adequacy and accuracy of anything contained within WMG's Settlement Class Relief Report, which will be finally confirmed through the process set forth in Paragraph 21(e), except as otherwise set forth herein.

9. The Court finds that the settlement Notice disseminated to the Class was the best notice that was practicable under the circumstances. Said Notice provided due and adequate notice of these proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation and Agreement of Settlement, and fully satisfied the requirements of Rule 23(c)(2) and (e) and due process.

10. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing and exclusive jurisdiction over: (a) implementation of the settlement and any distribution to Class Members pursuant to further orders of this Court; (b) hearing and determining Plaintiff's application for attorneys' fees, costs, and Named Plaintiffs' incentive award; (c) WMG until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties has been performed pursuant to the Stipulation and Agreement of Settlement; and (d) all parties and Class Members for the purpose of enforcing and administering the Stipulation and Agreement of Settlement.

11. In the event the settlement does not become effective in accordance with the terms of the Stipulation and Agreement of Settlement, then the judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions *ex ante*.

12. The Court finds, pursuant to Rule 54(a) and (b), that this Final Judgment should be entered and further finds that there is no just reason for delay in the entry of this judgment as a Final Judgment, as to the parties to the Stipulation and Agreement of Settlement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

**IT IS SO ORDERED.**

DATED: January 12, 2015

_____
Honorable Richard Seeborg
UNITED STATES DISTRICT COURT

# EXHIBIT A

Rust Consulting, Inc.
WMG Download Class Settlement
Exhibit A - List of Timely Exclusions

| | Name |
|---|---|
| 1 | NANCY SINATRA & BOOTS ENTERPRISES INC (collectively, "Boots") |
| 2 | JACKSON BROWNE |
| 3 | CROSBY, STILLS AND NASH |
| 4 | TOM PETTY |
| 5 | FLEETWOOD MAC (INCLUDING MEMBERS: MICK FLEETWOOD, JOHN MCVIE, CHRISTINE MCVIE, LINDSEY BUCKINGHAM, STEPHANIE NICKS) |
| 6 | RAMONES PRODUCTIONS INC |
| 7 | CARLY SIMON |
| 8 | Curtom Classics LLC (INCLUDING INDIVIDUAL ALTHEIDA, ON BEHALF OF THE DECEASED CURTIS MAYFIELD) |
| 9 | GOO GOO DOLLS |
| 10 | LINDSEY BUCKINGHAM |
| 11 | CHICAGO MUSIC INC (INCLUDING MEMBERS: WILLIAM B CHAMPLAIN, JAMES C PANKOW, LEE LOUGHNANE, WALTER PARAZAIDER, ROBERT W |
| 12 | A-HA (INCLUDING MEMBERS: MORTEN HARKET, MAGNE FURUHOLMEN, PAL WAAKTAAR-SAVOY) |
| 13 | STEELY DAN (INCLUDING MEMBERS: DONALD FAGEN, WALTER BECKER) |
| 14 | JOE WALSH |
| 15 | CELTIC MUSIC |
| 16 | RUFUS (INCLUDING MEMBERS: TONY MAIDEN, KEVIN MURPHY) |
| 17 | BODEONS (INCLUDING MEMBERS: BARBARA NEUMAN, SAM LLANAS, KESHAW, INC, RESOLUTION RECORDING, INC, SHY SONGS LP, HLA-MANN |
| 18 | RY COODER/SOOLAND INC |
| 19 | SAM MOORE |
| 20 | AMERICA (INCLUDING MEMBERS: GERALD BECKLEY, LEE "DEWEY" BUNNELL) |
| 21 | GLENN FREY |
| 22 | PETER YARROW AND PETER, PAUL AND MARY |
| 23 | SONY/ATV MUSIC PUBLISHING ("SATV"), EMI MUSIC PUBLISHING("EMI"), AND EACH OF SATV'S AND EMI'S SUBIDIARIES AND AFFILIATED MUSIC PUBLISHING COMPANIES |
| 24 | DEFTONES |
| 25 | DWIGHT YOAKAM |
| 26 | RODERICK DAVID STEWART |
| 27 | WARP RECORDS LTD |
| 28 | TRIGGER PRODUCTIONS INC (a.k.a. FOREIGNER. INCLUDING MEMBERS: MICK JONES, LOU GRAMMATICO, DENNIS ELLIOT, RICK WILLS, IAN MCDONALD, ED GAGLIARDI, ALAN GREENWOOD, UNUSUAL HEAT) |
| 29 | DISNEY MUSIC GROUP (INCLUDING ENTITIES: HOLLYWOOD RECORDS, INC; WALT DISNEY RECORDS, A DIVISION OF ABC, INC.; LYRIC STREET RECORDS; MAMMOTH RECORDS; BUENA VISTA RECORDS; DISNEY SOUND; DISNEY PEARL) |
| 30 | CONCORD MUSIC GROUP INC (INCLUDING ENTITIES: TELARC INTERNATIONAL CORPORATION, CONCORD RECORDS, SPECIALTY RECORDS) |
| 31 | BOY TOY INC. (INCLUDING: MADONNA CICCONE) |
| 32 | GEORGE BENSON |
| 33 | DONALD FAGEN |
| 34 | JEWEL KILCHER |
| 35 | STEPHANIE NICKS |
| 36 | HIDEOUT RECORDS AND DISTRIBUTORS INC |
| 37 | BENNY HESTER |
| 38 | TUFAMERICA INC (INCLUDING ARTISTS: SPOONIE G, RAY CHARLES, JIMMY SPICER, JOE LIGGINS, DAVY DMX, MARK THE 45 KING, JOHNNY OTIS ORCH, LUCKY THOMPSON QUARTET, JIMMY WITHERSPOON, SLIM GAILLARD & HIS BOOGLEREENERS, YZ, FREDDY & THE MIGHTY MIC MASTERS) |
| 39 | UNIVERSAL MUSIC GROUP (INCLUDING ENTITIES: A & M Records Limited; Aftermath JV; Capitol Christian Music Group, Inc.; Capitol Records, LLC; Deutsche Grammophon Gesellschaft mbH; Disa LLC; EMI (Malaysia) Sdn Bhd; EMI (Singapore) Pte. Limited; EMI Discos Miexico, S.A. de C.V.; EMI Group Canada Inc.; EMI Kent Elektronik San. Ve Tic. A.S.; EMI Limited; EMI Music (Thailand) Company Limited; EMI Music Arabia FZE; EMI Music de Venezuela C.A.; EMI Music Egypt Ltd; EMI Music Mexico, S.A. de C.V.; EMI Music South Africa (Pty) Ltd; EMI Odeon Sociedad Anonima Industrial y Comercial; EMI Recorded Music (Chile) Limited; EMI Recorded Music Australia Pyt Ltd; EMI Recorded Music Colombia S.A.; EMI Recorded Music GmbH; EMI Recorded Music Hong Kong Limited; EMI Records (Ireland) Limited; EMI Records Austria GmbH; EMI Records Brasil Ltda.; EMI Records Netherlands B.V.; EMI Records New Zealand; EMI Records Switzerland AG; EMI Zenei Korlatolt Felelossegu Tarsasag; Fonovisa, Inc; Mercury Records B.V.; Mercury Records Limited; Minos - EMI S.A.; Oy EMI Finland Ab; Oy EMI Group Finland Ab; Polar Music International AB; Polydor B.V.; Polydor Limited; PolyGram B.V.; PolyGram Publishing, Inc; Priority Records, LLC; PT. Universal Music Indonesia; Roc-A-Fella Records, LLC; Rondor Music International, Inc; Show Dog - Universal Music, LLC; Songs of Universal, Inc; UMG Recordings, Inc; Universal - PolyGram International Publishing, Inc; Universal - PolyGram International Tunes, Inc; Universal - Songs of PolyGram International, Inc; Universal Music (Thailand) Limited; Universal Music A/S [Denmark]; Universal Music A/S [Norway]; Universal Music AB; Universal Music Administracao de Imoveis Ltda.; Universal Music Argentina S.A.; Universal Music Australia Pty. Limited; Universal Music B.V.; Universal Music Bulgaria EOOD; Universal Music Canada Inc.; Universal Music Chile S.A.; Universal Music Colombia S.A.S; Universal Music Corp.; Universal Music Ecuador S.A.; Universal Music El Salvador, S.A. de C.V.; Universal Music Entertainment GmbH; Universal Music Entertainment Ltda.; Universal Music France S.A.S.; Universal Music France SMP SARL; Universal Music GMBH [Austria]; Universal Music GmbH [Germany]; Universal Music GmbH [Switzerland]; Universal Music Group International Limited; Universal Music Group Sweden AB; Universal Music Italy S.r.l.; Universal Music Leisure Limited; Universal Music Limited [Hong Kong]; Universal Music Ltd. [Korea]; Universal Music Ltd. [Taiwan]; Universal Music Ltd. [Brazil]; Universal Music Mexico, S.A. de C.V.; Universal Music MGB Limited; Universal Music New Zealand Limited; Universal Music NV/SA; Universal Music Oy; Universal Music Polska Sp. z.o.o; Universal Music Portugal, S.A.; Universal Music Pte Ltd; Universal Music Publishing, Inc.; Universal Music UK Limited; Universal Music Uruguay S.A.; Universal Music Venezuela S.A.; Universal Musica, Inc.; Universal Records South, LLC; Universal/Surco Record Ventures, Inc.; Universal-Island Records Limited; Univision Music Group-Mexico S.A. de C.V.; Virgin Records (India) Pvt. Ltd.; Virgin Records Australia Pty Ltd; Virgin Records Limited) |
| 40 | OPAL LIMITED (INCLUDING INDIVIDUAL: BRIAN ENO) |